JANET LYNN WEINSTEIN *et al.*, Plaintiffs-Appellants, *v.* EVANSTON TOWNSHIP COMMUNITY CONSOLIDATED SCHOOL DISTRICT #65 *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 60722

Opinion filed June 17, 1976.

Laraia, Solano and Berns, Ltd., of Lombard (Robert K. Kilander and Ronald L. Berns, of counsel), for appellants.

No brief filed for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an action to recover damages for personal injuries allegedly sustained by a minor, Janet Lynn Weinstein, while exercising on the "parallel bars" at the Oscar Chute Junior High School located at 1400 Oakton in Evanston, Illinois, during the course of a regular gym class. Plaintiffs filed their complaint against defendants Evanston Township Community Consolidated School District #65 which operated, maintained and controlled said school and Roberta Garrett Stone, a teacher at said school. The complaint alleged in pertinent part as follows: that on February 19, 1969, Janet Lynn Weinstein was participating in a certain gym class taught by defendant Roberta Garrett Stone and was in the exercise of due care and caution for her own safety; that at the time and place aforesaid defendant teacher instructed plaintiff's gym class in an exercise involving the use of the "parallel bars"; that subsequent thereto, Janet Lynn Weinstein, while engaged in an exercise on said "parallel bars" fell to the floor and sustained serious and permanent injuries which were caused by defendants' negligence.

In response to plaintiffs' complaint, defendants filed an answer denying any negligence on their part and further denying that they breached any duty toward plaintiff. In a subsequent amended answer to plaintiffs' complaint, defendants pleaded as an affirmative defense that as a matter of law they were not liable by virtue of section 24—24 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—24).

After argument of counsel, the trial court struck plaintiffs' complaint and granted plaintiffs leave to file an amended complaint. Plaintiffs then filed an amended complaint of three counts. All three counts of the amended complaint realleged essentially the allegations of the original complaint. Count I of the amended complaint further alleged that it was brought pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 1—101 *et seq.*) and that defendant school district had purchased liability insurance which was in full force and effect at the time of the occurrence. Count II of the amended complaint alleged essentially the common law liability of defendants based upon negligence. Count III of the amended complaint further alleged wilful and wanton misconduct on the part of the defendants.

Pursuant to defendants' motion to strike the amended complaint for failure to state a cause of action, the trial court dismissed Count I and

Count II of the amended complaint. The trial court then denied plaintiffs' motion to vacate the above order dismissing Count I and Count II, and further ordered that plaintiffs be granted leave to dismiss Count III of their amended complaint. Count III was then dismissed, thereby ripening this cause for appeal on Counts I and II.

On appeal plaintiffs raise the following issues: (1) whether or not the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—24), under the relevant section entitled "Maintenance of Discipline," creates a specific duty upon teachers and other certified educational employees to maintain discipline in the schools, and creates for those designated employees the attendant immunity from liability for negligent misconduct in the performance of that created duty; (2) whether or not the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 1—101 *et seq.*), creates an immunity for a class of individuals, including school teachers and school districts, from liability for negligent misconduct in the general exercise of their respective positions; (3) whether or not the purchase of liability insurance by a school district operates as a voluntary waiver of the general immunity from liability for negligent misconduct created by the Local Governmental and Governmental Employees Tort Immunity Act; and (4) whether or not section 24—24 of the School Code is unconstitutional as special legislation.

We affirm.

■■ The Illinois Supreme Court in the recent decision, *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, considered substantially the same issues presented in the instant case. In *Kobylanski,* the Illinois Supreme Court considered two cases involving students who filed suit against their respective teachers and school boards after being injured during regular gymnasium classes. In considering whether section 24—24 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—24) provides a teacher with immunity from liability for negligence, the Supreme Court reasoned that the statute was intended to confer the status *in loco parentis* to nondisciplinary as well as disciplinary matters. The court further reasoned that teachers, standing *in loco parentis* should not be subject to any greater liability than parents who are liable to their children for wilful and wanton misconduct but not for mere negligence. The Supreme Court then concluded that in order to impose liability against defendants, in the cases under consideration, plaintiffs must prove wilful and wanton misconduct.

■■ The court in *Kobylanski* went on to consider the relationship of the Local Governmental and Governmental Employees Tort Immunity Act to section 24—24 of the School Code. In this connection the Supreme Court analyzed section 9—103(b) of the Local Governmental and

Governmental Employees Tort Immunity Act (hereinafter referred to as Tort Immunity Act) which provides for a waiver of defenses upon the purchase of liability insurance. Citing the language in section 9—103(b) of the Tort Immunity Act which indicates that the waiver provision applies only to those defenses and immunities "provided in this Act" and section 2—111 of the Tort Immunity Act which states that "[n]othing contained herein shall operate to deprive any public entity of any defense *heretofore existing and not described herein*", the Supreme Court concluded that the waiver provision of section 9—103(b) of the Tort Immunity Act was inapplicable to the factual situations before them. (Emphasis added.) The Supreme Court reasoned as follows:

> " * * * The immunity conferred upon educators by sections 24—24 and 34—84a, however, is not derived from the Tort Immunity Act, but is the result of a legislative determination that educators should stand in the place of a parent or guardian in matters relating to discipline, the conduct of schools and the school children. It is this status as parent or guardian which requires a plaintiff to prove wilful and wanton misconduct in order to impose liability upon educators. Accordingly, the waiver provision of section 9—103(b) is inapplicable to the present factual situations."

The same reasoning requires us to reject plaintiffs' contentions in the instant case that the immunity of school teachers and school districts stems from the Tort Immunity Act and that the purchase of liability insurance operates as a voluntary waiver of general immunity from liability for negligent misconduct.

■■ Plaintiffs in the instant case also question the constitutionality of section 24—24 of the School Code in the event this court adopts an interpretation thereof immunizing defendants from liability for their negligence. This contention was also considered and rejected by the Supreme Court in *Kobylanski*. The Supreme Court reasoned that school districts and teachers play a unique role in the educational development of the school children of this State and that all school districts and teachers are similarly treated under the statute and therefore held the statute constitutional.

Based upon the recent Supreme Court decision in *Kobylanski v. Chicago Board of Education,* we affirm the order of the trial court dismissing plaintiffs' complaint.

Order affirmed.

MEJDA, P. J., and McNAMARA, J., concur.